**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

VIRGIL MITCHELL,

    Plaintiff,

v.                                       Case No. 2:10-CV-13483

WILLIAM JACKSON.

    Defendant,
_____/

**ORDER OF SUMMARY DISMISSAL**

Plaintiff Virgil Mitchell, a state inmate currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the court summarily dismisses the complaint.

**I. BACKGROUND**

In his complaint, Plaintiff alleges that on April 28, 2001, he was arrested and charged with "assault with intent to commit robbery." Plaintiff was actually charged with assault with intent to rob while armed but convicted by a jury in the Wayne County Circuit Court of the lesser included offense of assault with intent to rob while unarmed. Plaintiff was sentenced to ten to fifteen years in prison.[1] Plaintiff claims that Defendant, the arresting officer in this case, arrested Plaintiff for this offense, even though Plaintiff

---

[1] The court obtained this information from Westlaw. *See People v. Mitchell,* No. 247130, 2004 WL 1635845 (Mich. Ct. App. July 22, 2004).

1

had informed him at the time of his arrest that he was innocent. Plaintiff further claims that Defendant used a false statement in the original felony complaint to charge Plaintiff with this crime. Plaintiff seeks monetary damages and any other relief that the court or the jury wishes to grant. Plaintiff remains incarcerated for this conviction.[2]

## II. STANDARD

Civil rights complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, that fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

---

[2] The court obtained this information from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), of which this court is permitted to take judicial notice. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).

In addition, "a district court may, at any time, dismiss sua sponte a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

### III. DISCUSSION

Plaintiff's complaint is subject to dismissal for several reasons.

First, to the extent that Plaintiff seeks monetary damages arising from his criminal conviction, he would be unable to obtain such damages absent a showing that his criminal conviction has been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because Plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration against the defendant fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 F. App'x 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001); *see also Scheib v. Grand Rapids Sheriffs Dep't*, 25 F. App'x 276, 277 (6th Cir. 2001) (state inmate's § 1983 claim that fabricated police records influenced charges brought against him would affect validity of his still-standing conviction, and thus were

3

barred by the *Heck* rule).  Moreover, although Plaintiff was not convicted of the original assault with intent to rob while armed charge, Plaintiff's conviction on the lesser included offense of assault with intent to rob while unarmed precludes him from maintaining a § 1983 action against Defendant, because his complaint would call into question the validity of that conviction.  *See Barnes v. Wright,* 449 F.3d 709, 716-17 (6th Cir. 2006).

To the extent that Plaintiff is seeking to have his criminal conviction vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal.  Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  A plaintiff cannot seek injunctive relief relating to his criminal conviction in a § 1983 action.  *Nelson v. Campbell,* 541 U.S. 637, 643 (2004).  Instead, "§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence." *Id.*

To the extent that Plaintiff asks the court to reverse his criminal conviction, his complaint would sound in habeas corpus, and not under the civil rights statute.  The current Defendant would not be the proper respondent.  *See Urrutia v. Harrisburg County Police Dep't*, 91 F.3d 451, 462 (3d Cir. 1996) (citing to Rule 2(a) of the Rules Governing § 2254 Cases).  The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be

the warden of the facility where the petitioner is incarcerated. *See Edwards v. Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rule 2(a), Rules Governing § 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

To the extent that Plaintiff is seeking to be released from custody, his action should have been filed as a petition for a writ of habeas corpus and not as a civil rights suit under § 1983. The court will not, however, convert the matter to a petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for a writ of habeas corpus. *Id.* The court cannot treat Plaintiff's complaint as an application for habeas corpus relief because the court has no information that Plaintiff has exhausted his state court remedies, as required by 28 U.S.C. § 2254(b)–(c), to obtain federal habeas relief. *See Parker v. Phillips,* 27 F. App'x 491, 494 (6th Cir. 2001). Moreover, any habeas petition would be subject to dismissal because Plaintiff has failed to name the appropriate state official as the respondent. *See Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). Finally, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

When a prisoner's civil rights claim is barred by the *Heck* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject

5

matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy,* 343 F. Supp. 2d at 609. Therefore, because the court is dismissing Plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *See, e.g.*, *Finley v. Densford,* 90 F. App'x 137, 138 (6th Cir. 2004).

## IV. CONCLUSION

IT IS ORDERED that the Plaintiff's Complaint [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE.

       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: September 30, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 30, 2010, by electronic and/or ordinary mail.

       s/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522